**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JOHN HOBSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | CASE NO. _____ |
| | § | |
| **DONALD VALENZA,** | § | |
| in his individual capacity and in | § | |
| his official capacity as Sheriff of | § | |
| Houston County, Alabama; | § | |
| **DAVID ASBILL**, in his individual | § | |
| capacity and in his official capacity | § | |
| as Jail Commander and Assistant | § | |
| Captain of Houston County Jail; | § | |
| **KELITA MOORE**, in her | § | |
| individual capacity and as | § | |
| Assistant Jail Commander of | § | |
| Houston County Jail; | § | |
| **JAMES BRAZIER**, in his | § | |
| individual capacity and as Jail | § | |
| Administrator of Houston County | § | |
| Jail; | § | |
| **HOUSTON COUNTY** | § | |
| **COMMISSION**, an elective | § | |
| County board; | § | |
| **VAZARIUS TYRELL JAMES**; | § | |
| and **JAMES MAURICE** | § | |
| **TANNER, JR.,** | § | |
| | § | |
| **Defendants.** | § | |

**COMPLAINT**

COMES NOW the Plaintiff, John Hobson, by and through undersigned counsel, for his complaint against all Defendants, alleges as follows:

**INTRODUCTION**

1.      This action is brought pursuant to 42 U.S.C. § 1983 seeking damages for Defendants' violations of Plaintiff's rights as secured by the Eighth and Fourteenth Amendments to the United States Constitution.

2.      Plaintiff was an inmate housed at Houston County Jail on February 14, 2024, at which time he was brutally assaulted by two inmates who were able to leave their cells due to faulty cell door locks.

3.      After the assault, Plaintiff was taken by ambulance to a local hospital, then airlifted to UAB Hospital in Birmingham, Alabama, where he underwent surgery for a broken jaw and treatment for a broken nose and nerve damage in his chin.

4.      The Plaintiff was assaulted and suffers from long-term physical and psychological injuries because Defendants flagrantly disregarded his safety during his confinement at Houston County Jail, specifically on February 14, 2024.

## THE PARTIES

5.     Plaintiff, John Hobson, is a resident citizen and resident of Houston County, Alabama.

6.     Defendant Donald Valenza ("Valenza"), upon information and belief, is a citizen and resident of Houston County, Alabama.  At all relevant times, Defendant Valenza was the Sheriff of Houston County, Alabama, and, as such, was in legal charge and custody of the county jail and its inmates.  He is sued in his individual capacity and in his official capacity as Sheriff.

7.     Defendant David Asbill ("Asbill"), upon information and belief, is a citizen and resident of Dale County, Alabama.  At all relevant times, Defendant Asbill was the Jail Commander and Assistant Captain of the Houston County Jail.   He is sued in his individual capacity and in his official capacity as Jail Commander and Assistant Captain of the county jail.

8.     Defendant Kelita Moore ("Moore"), upon information and belief, is a citizen and resident of Houston County, Alabama.  At all relevant times, Defendant Moore was the Assistant Jail Commander of the Houston County Jail.  She is sued in her individual capacity and in her official capacity as Assistant Jail Commander of the county jail.

9. Defendant James Brazier ("Brazier"), upon information and belief, is a citizen and resident of Houston County, Alabama. At all relevant times, Defendant Brazier was the Jail Administrator of the Houston County Jail. He is sued in his individual capacity and in his official capacity as Jail Administrator of the county jail.

10. Defendant Houston County Commission is an elective county board comprised of five (5) commissioners. At all relevant times, the Houston County Commission administered the county's finances and was responsible for ensuring a safe, secure, and well-administered structure of the county jail.

11. Defendant Vazarius Tyrell James ("James"), upon information and belief, is a citizen and resident of Pike County, Alabama.

12. Defendant James Maurice Tanner, Jr. ("Tanner"), upon information and belief, is a citizen and resident of Dale County, Alabama.

## JURISDICTION AND VENUE

13. This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3)-(4). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

14.     Venue is proper in this district under 28 U.S.C. § 1391 because the causes of action arose in Houston County, Alabama.

## FACTS

### A.     The Houston County Jail.

15.     The Houston County Jail ('the jail") is operated by the Houston County Sheriff's Office.  Defendant Valenza has been the Sheriff of Houston County since he was appointed by the Governor of Alabama in 2014.  As Sheriff, Defendant Valenza had final policymaking authority over the policies, practices, and customs adopted and implemented at the Houston County Jail. Defendant Asbill, as Jail Commander, and Defendant Moore, as Assistant Jail Commander, were responsible for day-to-day supervision, training, and direction of detention officers at the jail.  Defendant Brazier, as Jail Administrator, was responsible for planning, organizing and implementing operations and programs, assigning and directing subordinates, and ensuring that all policies, rules, regulations, orders, procedures and directives were enforced and implemented.

16.     The Houston County Commission was responsible for adopting a budget that includes reasonable expenditures for the safe operation of the

county jail, including expenses for secure and properly functioning cell door locks.

17.     Defendants Asbill and Moore were responsible for maintaining the security of the jail by checking all cell door locks and for making hourly floor checks of all cellblocks and inmates.

18.     Defendants Asbill and Moore were responsible for intervening during physical altercations involving inmates.

19.     Defendants Valenza, Asbill, Moore and Brazier operated the Houston County Jail in an extremely unsafe manner with a flagrant disregard for inmate safety and the legal requirements for Alabama detention facilities.

20.     Defendants Valenza, Asbill, Moore, Brazier and Houston County Commission, along with detention officers under their supervision, failed to adequately protect Plaintiff from assault by failing to repair all cell door locks after receiving notice of multiple incidents in which inmates and staff were attacked as a result of inmates being able to leave their cells due to the faulty locks.

**B.     The Assault on John Hobson.**

21.     Plaintiff, John Hobson, was an inmate at Houston County Jail from February 9, 2024, until April 17, 2024.

22.     On February 12, 2024, Plaintiff was taking a shower in B-Pod while lunch trays were being passed out.  When Plaintiff got out of the shower he pressed the intercom button and told the on-duty officer that he had not received a tray.  Plaintiff was told that the officer passing out trays in A-Pod would be notified when she finished.  When the officer returned to B-Pod she gave Plaintiff's lunch tray to another inmate, Tyshawn Bryant.  Plaintiff approached inmate Bryant and asked for his lunch tray, to which inmate Bryant responded by spitting on the food.  This caused an altercation between the two, which resulted in Plaintiff being taken to lockdown.  While being taken to lockdown, the officer escorting him told Plaintiff that he better be careful and watch himself around inmate Bryant.

23.     On February 14, 2024, Plaintiff was told by inmate Dylan Wammack that other inmates, including Defendants James and Tanner, were plotting to unlock their cell doors and jump Plaintiff.  Thereafter, Defendant James asked Plaintiff to come talk to him, unaware that Defendant Tanner's and another inmate's cell doors had been unlocked.  While Plaintiff was knelt down talking to Defendant James, Defendant Tanner and another inmate snuck up behind him.  When Plaintiff started to stand up from his kneeling position, Defendant Tanner and the other inmate attacked Plaintiff, knocking

him unconscious, followed by picking him up and dropping him on his head, then Defendants James and Tanner, and the other inmate, kicked him while he lay unconscious on the floor.

24.     During the assault on Plaintiff by Defendants James and Tanner and the other inmate, no jail personnel came to Plaintiff's aid.

25.     After the assault Plaintiff was seen by the medical staff at the jail, then taken by ambulance to Southeast Health Medical Center.  After being evaluated at Southeast Health, Plaintiff was flown by Survival Flight to UAB Hospital, where he underwent surgery for a broken jaw and was treated for a broken nose and nerve damage in his chin.  He will have hardware in his jaw for the rest of his life and has permanent nerve damage in his chin.

26.     Plaintiff suffers from permanent physical injuries and extensive mental anguish as a result of the assault.

## COUNT I

### (42 U.S.C. § 1983 – U.S. Const. Amend. VIII, XIV)

27.     The allegations in the preceding paragraphs are incorporated by reference.

28.     This claim is brought against Defendants Valenza, Asbill, Moore, Brazier, in their individual capacities and in their official capacities, and Defendant Houston County Commission.

29.     All Defendants herein knew that the jail's cell door locks were not secure and that inmates were able to unlock cell doors themselves, which allowed inmates out of their cells without authorization or supervision. Accordingly, all Defendants herein had actual and/or constructive knowledge that the jail's policies, practices, and customs fostered inmate violence and placed inmates, including Plaintiff, at a substantial risk of serious harm. All Defendants herein had actual and/or constructive knowledge that Plaintiff faced a substantial risk of being attacked by other inmates.

30.     Defendants did not reasonably respond to the known risks of cell door locks not working properly.

31.     Defendants disregarded the excessive risk to inmates' safety by:

a. Failing to monitor and supervise inmates at the jail;

b. Failing to properly train and supervise subordinates, endorsing and ratifying the jail's deficient practices, policies and customs; and

9

    c.  Failing to take any other steps to ensure Plaintiff was not exposed to a substantial risk of physical harm.

32.    Defendants did not reasonably respond to these known risks. Defendants disregarded the excessive risk to Plaintiff's safety by failing to monitor and supervise inmates at the jail, exposing Plaintiff to a substantial risk of physical harm.

33.    Defendants did not reasonably ensure that the jail's safety policies and procedures were enforced and implemented, exposing Plaintiff to a substantial risk of physical harm.

34.    Defendants' acts were undertaken with deliberate and/or reckless disregard to Plaintiff's constitutional rights. When Defendants engaged in the misconduct referenced above, they could reasonably foresee that their actions created a substantial risk of serious harm to the Plaintiff.

35.    Defendants were acting under color of state law when they engaged in the misconduct outlined above.

36.    Defendants' misconduct was a direct and proximate cause of the assault on Plaintiff.

37.     Defendants' misconduct deprived Plaintiff of his liberty without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

38.     Defendants' misconduct amounted to cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

39.     Defendants are liable to Plaintiff for damages under 42 U.S.C. § 1983.

40.     Defendants' actions and inactions were done maliciously, willfully, or wantonly, or in a manner that demonstrates a reckless disregard for Plaintiff's rights.  As a result of Defendants' conduct, Plaintiff is entitled to recover punitive damages.

## <u>COUNT II</u>

### (42 U.S.C. § 1983 Against All Defendants)

41.     The allegations in the preceding paragraphs are incorporated by reference.

42.     This claim is brought against Defendants Valenza, Asbill, Moore, Brazier, in their individual capacities and in their official capacities, and Defendant Houston County Commission.

43.     At the time of the assault on Plaintiff, Defendants were the final policymakers responsible for the policies, practices, and customs of the Houston County Jail.

44.     At the time of the assault on Plaintiff, Defendants were responsible for ensuring that the policies, practices, and customs of the Houston County Jail were enforced and implemented.

45.     At the time of the assault on Plaintiff, Defendants were responsible for ensuring that the budget for the jail included providing properly functioning locks on all cell doors.

46.     As of February 14, 2024, the jail's policies, practices, and customs were deficient in:

   a.   Failing to protect inmates from the risk of inmate-on-inmate violence;

   b.   Failing to adequately instruct and train jail personnel on conducting surveillance rounds and supervising, monitoring and controlling inmates;

   c.   Failing to adequately ensure that locks on all cell doors were in proper working condition;

   d.   Failing to adequately respond to inmate-on-inmate violence; and

e.  In other manners to be proved in discovery and at trial.

47.   The jail's deficient policies, practices, and customs made constitutional violations, such as those suffered by Plaintiff, almost certain to happen.

48.   Defendants created, condoned, endorsed and failed to address the above-described policies, practices, and customs.  In the period surrounding Plaintiff's detention, Defendants failed to adequately supervise, discipline and train jail personnel about their obligations regarding how to safely operate a detention facility and protect inmates from known risks of violence.

49.   Defendants were deliberately indifferent to the deficiencies within the jail's policies, practices, and customs; were deliberately indifferent to the risks those deficiencies created for inmates held at the jail; and were deliberately indifferent to the constitutional rights of inmates. Defendants failed to take steps to correct these deficient policies, practices, and customs, and instead condoned and ratified these policies, practices, and customs.

50.   As a direct and proximate result of Defendants' misconduct, Plaintiff was exposed to a substantial risk of physical violence, was brutally beaten by other inmates, and suffered physical, emotional, and pecuniary damages.

51.     Defendants, in their official capacities, are liable to Plaintiff for damages under 42 U.S.C. § 1983.

## **COUNT III**

### **(Negligence)**

52.     The allegations in the preceding paragraphs are incorporated by reference.

53.     This claim is brought against all Defendants Valenza, Asbill, Moore, Brazier, in their individual capacities and in their official capacities, and Defendant Houston County Commission.

54.     Defendants had duties that included the following:

a.  To ensure inmates were not placed at an unreasonable risk of physical harm;

b.  To take reasonable steps to ensure inmates vulnerable to physical assaults were not housed with inmates likely to do them harm;

c.  To respond reasonably when confronted with information demonstrating that an inmate faced a risk of physical harm;

d.  To take reasonable steps to monitor and supervise inmates;

e.  To conduct personal surveillance rounds;

f.  To monitor video surveillance feeds and act when they showed threatening or suspicious conduct by inmates;

g.  To reasonably respond when inmates engage in physical violence;

h.  To comply with state and federal law regarding the supervision of inmates and the operation of detention facilities;

i.  To adequately train, supervise, and instruct subordinates regarding how to operate the jail;

j.  To exercise reasonable care in executing their duties at the jail; and

k.  In other respects, to be proved through discovery and at trial.

55.    Defendants breached each of the duties described above by:

a.  Operating the jail in a manner which placed inmates at an unreasonable risk of physical harm;

b.  Housing vulnerable inmates, including Plaintiff, with dangerous inmates likely to do them harm;

c.  Failing to monitor and supervise inmates;

d.  Failing to conduct personal surveillance rounds;

e.  Failing to respond when inmates engaged in physical violence;

    f.  Failing to train, supervise, and instruct correction officers regarding how to operate the jail; and

    g.  In other respects, to be proved through discovery and at trial.

56.    As a direct and proximate result of Defendants' negligence, a dangerous environment existed in which inmates engaged in violence with impunity; Plaintiff was housed with dangerous inmates; he was brutally beaten by other inmates; and he suffered physical, emotional, and pecuniary damages.

57.    Defendants' wrongful conduct was malicious, corrupt, and/or beyond the scope of their official duties.

58.    Because the misconduct of Defendants occurred in the course and scope of their work as officers of the Houston County Sherriff's Office, Defendant Valenza is liable for the misconduct in his official capacity.

59.    Defendants' actions and inactions were done maliciously, willfully, or wantonly, or in a manner that demonstrates a reckless disregard for Plaintiff's rights. As a result of Defendants' conduct, Plaintiff is entitled to recover punitive damages.

## **COUNT IV**

**(Negligent Infliction of Emotional Distress)**

60.    The allegations in the preceding paragraphs are incorporated by reference.

61.    This claim is brought against Defendants Valenza, Asbill, Moore, Brazier, in their individual capacities and in their official capacities, and Defendant Houston County Commission.

62.    Defendants acted with negligence and reckless indifference to the likelihood that their conduct would cause severe emotional distress.

63.    It was reasonably foreseeable that Defendants' conduct would cause Plaintiff severe emotional distress.

64.    Defendants' wrongful conduct was malicious, corrupt, and/or beyond the scope of their official duties.

65.    As a proximate result of Defendants' wrongful conduct, Plaintiff was brutally assaulted and suffered severe emotional distress.

66.    Defendants' actions were done maliciously, willfully, or wantonly, or in a manner that demonstrates a reckless disregard for Plaintiff's rights. As a result of Defendants' conduct, Plaintiff is entitled to punitive damages.

67.    Because the misconduct of Defendants Asbill, Moore and Brazier occurred in the course and scope of their work as officers of the

Houston County Sheriff's Office, Defendant Valenza is liable for the misconduct in his official capacity.

## COUNT V

**(Intentional Infliction of Emotional Distress)**

68.     The allegations in the preceding paragraphs are incorporated by reference.

69.     This claim is brought against Defendants Valenza, Asbill, Moore, Brazier, in their individual capacities and in their official capacities, and Defendant Houston County Commission.

70.     The conduct of Defendants Asbill and Moore was extreme and outrageous.

71.     Defendants Asbill and Moore acted with reckless indifference to the likelihood that their conduct would cause Plaintiff severe emotional distress.

72.     The wrongful conduct of Defendants Asbill and Moore was malicious, corrupt, and/or beyond the scope of their official duties.

73.     As a proximate result of the wrongful conduct of Defendants Asbill and Moore, Plaintiff suffered severe emotional distress.

74.     Because the misconduct of Defendants Asbill and Moore occurred in the course and scope of their work as officers of the Houston County Sherriff's Office, Defendant Rogers is liable for the misconduct in his official capacity.

75.     Because the misconduct of Defendants Asbill and Moore occurred in the course and scope of their work as detention officers of the Houston County Jail, Defendant Brazier is liable for the misconduct in his official capacity.

76.     As a proximate result of Defendants' wrongful conduct, Plaintiff has suffered severe emotional distress. Defendants' actions and inactions were done maliciously, willfully, or wantonly, or in a manner that demonstrates a reckless disregard for Plaintiff's rights. As a result of Defendants' conduct, Plaintiff is entitled to recover punitive damages.

## **COUNT VI**

### **(Tort of Battery)**

77.     The allegations in the preceding paragraphs are incorporated by reference.

78.     This claim is brought against Defendants James and Tanner.

19

79.    Defendants James and Tanner did, with intent to cause serious physical injury, cause serious physical injury to the Plaintiff by attacking him and slamming him headfirst into a concrete floor.

80.    As a proximate result of Defendants James's and Tanner's wrongful conduct, Plaintiff suffered severe physical injuries. As a result of Defendants' conduct, Plaintiff is entitled to recover punitive damages.

## PRAYER FOR RELIEF

Plaintiff requests the following relief:

(1)    That the Court declare Defendants' practices complained of herein are unlawful under 42 U.S.C. § 1983 and the United States Constitution and Alabama law;

(2)    That the Court enter judgement in favor of Plaintiff and against Defendants for compensatory damages in an amount in excess of $25,000, with the exact amount of the damages to be determined by a jury and the interest to be determined by the Court;

(3)    That the Court enter judgment in favor of Plaintiff and against Defendants for punitive damages in an amount in excess of $25,000, with the exact amount of the damages to be determined by a jury;

(4)     That the Court award Plaintiff pre-judgment and post-judgment interest;

(5)     That the Court award Plaintiff reasonable attorneys' fees and litigation expenses as provided by 42 U.S.C. § 1988;

(6)     That the costs of this action be taxed against Defendants; and

(7)     Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

<u>**DEMAND FOR JURY TRIAL**</u>

(8)     Plaintiff hereby demands a trial by jury on all issues presented herein.

Dated:  October  21, 2024                    Respectfully submitted,

/s/ *Lance H. Swanner*
**LANCE H. SWANNER**
(ASB-5009-C59S)
**CARL E. UNDERWOOD, III**
(ASB-5567-D45C)
*Attorneys for Plaintiff*
**JACOBY & MEYERS, LLC**
300 N. Foster Street
Dothan, AL  36303
(334) 794-8000 – Phone
lances@jacobymeyersdothan.com
carlu@jacobymeyersdothan.com